**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| April Michelle LaMountain, | ) | |
| | ) | |
| | ) | Civil Action No.: 0:20-cv-03312-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Kilolo Kijakazi,[1] Acting Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 23.) The Report addresses Plaintiff April LaMountain's ("Plaintiff") claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (*Id.* at 1.) The Report recommends the court reverse the decision of the Commissioner of Social Security Administration ("Commissioner") and remand the matter for further administrative proceedings. (*Id.*) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** for further administrative proceedings action pursuant to sentence four of 42 U.S.C. § 405(g) consistent with this order.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action is required to continue this suit under the last sentence of 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

# I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation.  (*Id.* at 1-2.) As brief background, on December 11, 2019, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for SSI and DIB.  (*Id.* at 2-3.)

The ALJ determined Plaintiff had the severe impairment of spinal disorder under 20 CFR 404.1520(c) and 416.920(c).  (*Id.* at 2.)  The ALJ found Plaintiff had the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally push or pull with her bilateral lower extremities; she can occasionally climb ladders, ropes, and scaffold[s]; she can occasionally climb steps or ramps; she can occasionally balance, kneel, crawl and crouch.  The claimant should avoid exposure to cold and humidity; she should avoid hazards moderately.

(*Id.*)   The ALJ considered evidence from Plaintiff's treating pain management physician, Dr. Eugene Mironer in reaching his determination, and found his medical opinion "somewhat persuasive, as he had been treating the claimant since May 2019," but stated "that the claimant's medical records do not support the doctor's conclusions."  (*Id.* at 5.)

Though he found Plaintiff could not return to her past relevant work, the ALJ concluded Plaintiff would be able to perform certain light unskilled occupations such as a "storage facility rental clerk," a marker, and a routing clerk.  (*Id.*)  Thereafter the Appeals Council denied Plaintiff's request for review.  (*Id.*)  Thus, the ALJ's decision became the final decision of the Commissioner. *See Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review).  Plaintiff filed this action on September 18, 2020. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report suggesting this case be reversed and remanded. (ECF No. 23.) In particular, the Magistrate Judge observed the ALJ improperly discounted opinion evidence from Dr. Mironer. (*Id*. at 3-6.) Though the federal regulations no longer require an ALJ to afford controlling weight to a treating physician's opinion, they still require decisions to be based on substantial evidence rather than "cherry-picked" records which weigh against a finding of disability. (*Id*. at 3-4 (citing *Arakas v. Comm'r*, 983 F.3d 82, 98 (4th Cir. 2020)).) The Magistrate Judge noted the ALJ's decision provided only "a general conclusory statement" regarding the supportability of Dr. Mironer's opinion. (*Id*. at 6.) Pointing out that the ALJ never specified any records which contravened Dr. Mironer's opinion nor identified inconsistencies on the record, the Magistrate Judge concluded the ALJ failed to "adequately consider[] and discuss[] the requisite factors." (*Id*. at 6.) Thus, the Magistrate Judge found that the ALJ's incomplete analysis "frustrated" meaningful review. (*Id*. (citing *Monroe v. Colvin*, 826 F.3d 176, 190 (4th Cir. 2016)).) Therefore, the Magistrate Judge reasoned the ALJ's determination constituted reversible error, and recommended the matter be remanded for further administrative proceedings on this ground and Plaintiff's remaining allegations of error. (*Id.* at 6.)

The parties were apprised of their opportunity to file specific objections to the Report. (ECF No. 23 at 8.) On September 21, 2021, the Commissioner informed the court he would not offer objections. (ECF No. 24.) Plaintiff similarly has not objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 (D.S.C.). The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As

3

such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 23 at 3-6.) The Commissioner notified the court he will not file objections (ECF No. 24) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 23) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42

U.S.C. § 405(g) consistent with this order.

**IT IS SO ORDERED.**

United States District Judge

October 22, 2021
Columbia, South Carolina